**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Rogelio HERNANDEZ–ROMERO,**
**Defendant–Appellant.**

**No. 05–41592.**
**Conference Calendar.**

United States Court of Appeals,
Fifth Circuit.

Decided Aug. 28, 2006.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office, Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, Sarah Beth Landau, Federal Public Defender's Office, Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before DAVIS, SMITH, and WIENER, Circuit Judges.

PER CURIAM: *

Rogelio Hernandez–Romero (Hernandez) appeals his guilty-plea conviction and sentence for unlawfully reentering the United States after deportation, having previously been convicted of an aggravated felony. Hernandez was sentenced to 37 months of imprisonment, to be followed by a three-year term of supervised release. He argues that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b)(1) and (2) are unconstitutional in light of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).

Hernandez's conviction was pursuant to a plea agreement which contained several waivers, including a waiver of the right to appeal his sentence, but he reserved the right to appeal a sentence above the statutory maximum or an upward departure from the Sentencing Guidelines. The Government argues that some of the waiver provisions in Hernandez's plea agreement preclude his attack on the constitutionality of § 1326(b). The Government argues that as a result of the waivers, Hernandez lacks standing to challenge the constitutionality of § 1326(b).

We assume, *arguendo* only, that the waiver does not bar the instant appeal. Hernandez cannot succeed in this appeal because his constitutional challenge is foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). Although Hernandez contends that *Almendarez–Torres* was incorrectly decided and that a majority of the Supreme Court would overrule *Almendarez–Torres* in light of *Apprendi,* we have repeatedly rejected such arguments on the basis that *Almendarez–Torres* remains binding. *See United States v.*

*Garza–Lopez,* 410 F.3d 268, 276 (5th Cir.), *cert. denied,* —— U.S. ——, 126 S.Ct. 298, 163 L.Ed.2d 260 (2005). Hernandez properly concedes that his argument is foreclosed in light of *Almendarez–Torres* and circuit precedent, but he raises it here to preserve it for further review.

The Government's motion to dismiss the appeal is DENIED, and the ruling of the district court is AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.